*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0436P (6th Cir.)
File Name: 03a0436p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————



GODFREY N. NWAKANMA,
*Petitioner,*

*v.*

No. 03-4317

JOHN ASHCROFT, Attorney
General,

*Respondent.*

Decided and Filed: December 10, 2003

Before: KENNEDY, MARTIN, and MOORE, Circuit
Judges.

———————

**OPINION**

———————

PER CURIAM. The petitioner, a native and citizen of Nigeria, sought asylum, withholding of removal, and relief under the Convention Against Torture. The Board of Immigration Appeals summarily affirmed the immigration judge's denial of all such relief, but granted the petitioner permission to voluntarily depart within 30 days of the date of the order or within any extension granted by the district

director. The petitioner seeks review of that decision. On the last day prior to the expiration of the period for voluntary departure, the petitioner filed in this court two motions: 1) a motion to stay voluntary departure pending adjudication of the petition for review, and 2) a motion to stay removal pending judicial review. The respondent answers that he does oppose a stay of voluntary departure, but that he does not oppose a stay of removal at this time.

While this court has previously concluded that a stay of removal may be granted upon balance of the four general factors for injunctive relief, *see Bejjani v. INS*, 271 F.3d 670, 688 (6th Cir. 2001), whether this injunctive power extends to stays of the period allowed for voluntary departure is an issue of first impression in this circuit. The only circuit to address this issue previously has held that the equitable power of the courts of appeals extends to stays of voluntary departure. *See El Himri v. Ashcroft*, 344 F.3d 1261 (9th Cir. 2003) (adopting *Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1175 (9th Cir. 2003) (Berzon, J., concurring). We find the Ninth Circuit's reasoning persuasive. Voluntary departure is a discretionarily granted alternative to mandatory removal whereby removable aliens may leave the country at their own expense and thereby avoid the penalties that follow on forced removal. A failure to voluntarily depart once voluntary departure has been granted carries additional penalties that do not attend on forced removal. Thus, an alien who has been granted voluntary departure who wishes to have her case reviewed will, if no stay of that voluntary departure period is granted, suffer additional penalties and be in a worse position than an alien who has been denied voluntary departure in the first instance. Asylum applicants with potentially meritorious cases establishing their genuine fear of persecution in their home countries will face either returning to those countries and possibly life-threatening persecution or staying in the United States, letting the clock run out on their voluntary departure periods, and suffering the penalties that attach. A stay of voluntary departure pending appellate review should therefore be available on the same showing that authorizes a

stay of removal pending review. *See Bejjani*, 271 F.3d at 688.

The respondent's only challenge to the motion to stay the voluntary departure period is an argument that we lack jurisdiction to grant this motion. He points to 8 U.S.C. § 1229c(b)(2), which limits the initial term of voluntary departure, and § 1252(a)(2)(B)(i), which bars review of substantive determinations of eligibility for voluntary departure. However, in granting a stay of voluntary departure, we do not pass on the substance of the decision to grant voluntary departure; we only stay the immediate effectiveness of the relief already granted by respondent in his discretion, to allow the alien petitioner to receive appellate review. *See Zazueta-Carrillo*, 322 F.3d at 1176 (Berzon, J., concurring).

In evaluating motions to stay, the factors for injunctive relief are considered: 1) whether the applicant has demonstrated a likelihood of success on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other interested parties; and 4) where the public interest lies. *Bejjani*, 271 F.3d at 688. These factors are balanced; when a greater showing of irreparable harm in the absence of a stay is made, a lesser showing of the likelihood of success on the merits is necessary to support a stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *see also Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999) (using a sliding scale approach to stays of removal). In the instant case, the respondent does not oppose a stay of removal; because the harm to the applicant may be irreparable and because no other parties will be injured, the balance of harms supports a stay of removal. Because a stay of removal is appropriate, a stay of the period for voluntary departure is also appropriate.

Therefore, the motion to stay removal is **GRANTED**. The motion to stay the period for voluntary departure is

**GRANTED** *nunc pro tunc* to October 29, 2003, the date petitioner filed his motion for stay of voluntary departure. The stays shall expire upon issuance of the final mandate in this case or as otherwise directed by the court.