# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4123

_____

| | | |
|---|---|---|
| Vladimir Obleshchenko; Natalia | * | |
| Obleshchenko; Yekaterina | * | |
| Obleshchenko; Yelena Obleshchenko, | * | |
| | * | |
| Petitioners, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| John Ashcroft, Attorney General of the | * | |
| United States of America, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: April 21, 2004
Filed: July 8, 2004

_____

Before RILEY, MELLOY, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

Ukranian citizens Vladimir Obleshchenko and his wife and two daughters (Obleshchenkos) have moved to stay the Board of Immigration Appeals' (BIA) grant of voluntary departure pending appellate review of the denial of their application for asylum and withholding of removal. Respondent opposes the motion. For the reasons stated below, we deny the Obleshchenkos' motion for stays.

The Obleshchenkos entered the United States in July 1995 on six-month nonimmigrant visas. They applied for asylum and withholding of removal relief in August 1995, and were charged in February 1996 with being deportable under 8 U.S.C. § 1251(a)(1)(C)(i) (1994), for remaining in the United States beyond the permitted time. In December 1997, an Immigration Judge (IJ) denied the Obleshchenkos asylum and withholding of removal, and granted voluntary departure until June 10, 1998, to allow the Obleshchenko children to complete the school year. The Obleshchenkos appealed to the BIA, which affirmed on November 25, 2002, and ordered them to depart voluntarily within 30 days or "any extension beyond that time as may be granted by the district director." The Obleshchenkos then brought this timely petition for review of the BIA's order, and on February 9, 2004, the Obleshchenkos moved for stays of voluntary departure, arguing this court has equitable power to grant such stays pending appellate review.

An alien subject to removal may be permitted to depart voluntarily at the alien's own expense if, at the conclusion of removal proceedings, an IJ enters an order granting the alien voluntary departure in lieu of forced removal.[1] See 8 U.S.C. § 1229c(b)(1) (requirements for grant of voluntary departure), (2) (voluntary-departure period shall not exceed 60 days). The Immigration and Nationality Act, as amended in 1996, limits the role of the courts in setting deadlines for voluntary departure, see 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i), and regulations promulgated by the Executive Branch provide that the authority to "extend" the voluntary-departure period lies exclusively within the "jurisdiction of the district director, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs." See 8 C.F.R. § 1240.26(f) (2003).

---

[1]An alien who fails to depart voluntarily within the time granted faces stiff penalties: a civil penalty of $1,000-$5,000, plus a 10-year period of ineligibility for cancellation of removal, adjustment of status, voluntary departure, or change of nonimmigrant classification relief. See 8 U.S.C. § 1229c(d).

The BIA granted the Obleshchenkos permission to depart voluntarily within 30 days of November 25, 2002, or any extension beyond that time as might be granted by the district directors. Significantly, the Obleshchenkos do not allege that they applied for an extension or that an extension was granted by the district directors. The time for the Obleshchenkos to depart voluntarily has, therefore, long ago expired.

Nevertheless, the Obleshchenkos move for stays of voluntary departure, partly relying on our decision in Safaie v. INS, 25 F.3d 636, 641 n.1 (8th Cir. 1994) (holding that if alien petitions for review of BIA decision, which also includes grant of voluntary departure, then voluntary-departure period does not begin until appellate process has concluded). The Obleshchenkos' reliance on Safaie, however, is misplaced because at the time the Obleshchenkos delayed their departure beyond the specified voluntary-departure date, the statute interpreted by Safaie was no longer in effect, see 8 U.S.C. § 1105a (1994), repealed by Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996). The Obleshchenkos also rely on El Himri v. Ashcroft, 344 F.3d 1261 (9th Cir. 2003), and Nwakanma v. Ashcroft, 352 F.3d 325 (6th Cir. 2003) (per curiam), in arguing that this court has equitable power to grant a stay of voluntary departure. The Obleshchenkos' reliance on those cases is also misplaced because in both, the applicant filed a motion for a stay of voluntary departure before the period for voluntary departure had expired. See Nwakanma, 352 F.3d at 327; El Himri, 344 F.3d at 1263 n.2.

Because the Obleshchenkos' voluntary-departure period has expired and they did not move for stays before expiration of the voluntary-departure period, granting stays here would have the effect of extending the voluntary-departure period, and under section 1240.26(f), extensions are committed exclusively to specially

designated executive officers.[2]  See Sviridov v. Ashcroft, 358 F.3d 722, 731 (10th Cir. 2004) (denying motion for stay of voluntary departure where alien moved for stay after voluntary-departure period had expired); Zazueta-Carrillo v. Ashcroft, 322 F.3d 1166, 1173 (9th Cir. 2003) (if our court were to hold that voluntary-departure period does not begin until after appellate review, the ruling would have effect of extending voluntary departure beyond period specified by executive officers, and regulations deny courts this power).

Accordingly, we deny the Obleshchenkos' motion for stays of voluntary departure.

_____

---

[2]We do not decide whether this court may stay a voluntary-departure period if the motion for stay is filed before expiration of the voluntary-departure period.