# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4124

_____

| | |
|---|---|
| Mareko Molathwa, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of an |
| v. | * Order of the Board of |
| | * Immigration Appeals. |
| John Ashcroft, Attorney General of the | * |
| United States of America, | * |
| | * |
| Respondent. | * |

_____

Submitted: April 21, 2004
Filed: July 8, 2004

_____

Before RILEY, MELLOY, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

Mareko Molathwa (Molathwa), a citizen of Botswana, has moved to stay the Board of Immigration Appeals' (BIA) grant of voluntary departure pending appellate review of the denial of his application for asylum and withholding of removal. Respondent opposes the motion. For the reasons stated below, we deny Molathwa's motion for stay.

Molathwa entered the United States in December 1997 on a six-month nonimmigrant visa. He was charged in November 1999 with being deportable under 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States beyond the permitted

time; several months earlier, he had applied for asylum and withholding of removal. In February 2001, an Immigration Judge (IJ) denied Molathwa asylum and withholding of removal, and granted voluntary departure until April 23, 2001. Molathwa appealed to the BIA, which affirmed on November 26, 2002, and ordered him to depart voluntarily within 30 days or "any extension beyond that time as may be granted by the district director." Molathwa then brought this timely petition for review of the BIA's order, and on February 9, 2004, he moved for a stay of voluntary departure, arguing this court has equitable power to grant such a stay pending appellate review.

An alien subject to removal may be permitted to depart voluntarily at the alien's own expense if, at the conclusion of removal proceedings, an IJ enters an order granting the alien voluntary departure in lieu of forced removal.[1] See 8 U.S.C. § 1229c(b)(1) (requirements for grant of voluntary departure), (2) (voluntary-departure period shall not exceed 60 days). The Immigration and Nationality Act, as amended in 1996, limits the role of the courts in setting deadlines for voluntary departure, see 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i), and regulations promulgated by the Executive Branch provide that the authority to "extend" the voluntary-departure period lies exclusively within the "jurisdiction of the district director, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs." See 8 C.F.R. § 1240.26(f) (2003).

The BIA granted Molathwa permission to depart voluntarily within 30 days of November 26, 2002, or any extension beyond that time as might be granted by the district directors. Significantly, Molathwa does not allege that he applied for an

---

[1]An alien who fails to depart voluntarily within the time granted faces stiff penalties: a civil penalty of $1,000-$5,000, plus a 10-year period of ineligibility for cancellation of removal, adjustment of status, voluntary departure, or change of nonimmigrant classification relief. See 8 U.S.C. § 1229c(d).

extension or that an extension was granted by the district directors. The time for Molathwa to depart voluntarily has, therefore, long ago expired.

Nevertheless, Molathwa moves for a stay of voluntary departure, partly relying on our decision in Safaie v. INS, 25 F.3d 636, 641 n.1 (8th Cir. 1994) (holding that if alien petitions for review of BIA decision, which also includes grant of voluntary departure, then voluntary-departure period does not begin until appellate process has concluded). Molathwa's reliance on Safaie, however, is misplaced because at the time Molathwa delayed his departure beyond the specified voluntary-departure date, the statute interpreted by Safaie was no longer in effect, see 8 U.S.C. § 1105a (1994), repealed by Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996). Molathwa also relies on El Himri v. Ashcroft, 344 F.3d 1261 (9th Cir. 2003), and Nwakanma v. Ashcroft, 352 F.3d 325 (6th Cir. 2003) (per curiam), in arguing that this court has equitable power to grant a stay of voluntary departure. Molathwa's reliance on those cases is also misplaced because in both, the applicant filed a motion for a stay of voluntary departure before the period for voluntary departure had expired. See Nwakanma, 352 F.3d at 327; El Himri, 344 F.3d at 1263 n.2.

Because Molathwa's voluntary-departure period has expired and he did not move for a stay before its expiration, we find that granting a stay would have the effect of extending the voluntary-departure period, and under section 1240.26(f), extensions are committed exclusively to the specially designated executive officers.[2] See Sviridov v. Ashcroft, 358 F.3d 722, 731 (10th Cir. 2004) (denying motion for stay of voluntary departure where alien moved for stay after voluntary-departure period had expired); Zazueta-Carrillo v. Ashcroft, 322 F.3d 1166, 1173 (9th Cir.

---

[2]We do not decide whether this court may stay a voluntary-departure period if the motion for stay is filed before expiration of the voluntary-departure period.

2003) (if our court were to hold that voluntary-departure period does not begin until after appellate review, the ruling would have effect of extending voluntary departure beyond period specified by executive officers, and regulations deny courts this power).

Accordingly, we deny Molathwa's motion for a stay of voluntary departure.

_____