*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0357a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

KANTO MACOTAJ,

*Petitioner,*

*v.*

No. 03-3684

ALBERTO GONZALES, Attorney General,

*Respondent.*

>

On Petition for Review of an Order
from the Board of Immigration Appeals.
No. A75 309 094.

Argued: November 30, 2004

Decided and Filed: August 19, 2005

Before: DAUGHTREY and GILMAN, Circuit Judges, RICE, District Judge.[*]

———————————

**COUNSEL**

**ARGUED:** Marshal E. Hyman, MARSHAL E. HYMAN & ASSOCIATES, Troy, Michigan, for Petitioner. David E. Dauenheimer, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Marshal E. Hyman, MARSHAL E. HYMAN & ASSOCIATES, Troy, Michigan, for Petitioner. David E. Dauenheimer, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

**AMENDED OPINION**

———————————

MARTHA CRAIG DAUGHTREY, Circuit Judge. In this appeal from the Board of Immigration Appeals (BIA), we are asked to overturn the immigration judge's determination that Kanto Macotaj – an Albanian national who entered the United States in 1995 without inspection and later conceded removability – is not entitled to asylum, withholding of removal, or protection under the United Nations Convention Against Torture. As with many similar cases that we have reviewed since the overthrow of the Communist regime in Albania, we find that there is substantial evidence to support the ruling of the immigration judge that, despite whatever political repression Macotaj and his family may have suffered in the past, conditions in Albania have changed to such an extent that Macotaj no longer has reason to fear persecution upon return to his homeland. The more

———

[*]The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

1

significant question raised in this case, however, is whether he may still be permitted to leave the country voluntarily, as originally ordered by the immigration judge and renewed by the BIA, despite the fact that his motion to stay voluntary departure was not filed within the original 30-day period designated for such departure. For the reasons set out below, we follow the lead of several of our sister circuits in holding that Macotaj's motion to stay removability, which was filed within the applicable 30-day period, encompassed an implicit motion to stay voluntary departure.

Macotaj entered the United States illegally in October 1995. He was issued a notice to appear before the INS to defend against a charge of removability in October 1997 and appeared before an immigration judge in February 1998, admitting removability. His subsequent petition for asylum was denied following a hearing on the merits in June 1999, but the immigration judge granted a 30-day period for voluntary departure. Within that time, Macotaj filed a notice of appeal with the BIA. The BIA affirmed the decision of the immigration judge without opinion on April 18, 2003, and renewed the 30-day period for voluntary departure. Twenty-one days later, on May 9, 2003, the petitioner filed a petition for review of the BIA order and a motion to stay removal in this court. The government did not oppose the motion to stay, and it was granted on June 20, 2003. The motion to stay the period of voluntary departure was not filed until December 19, 2003, however, which date was well beyond the 30-day period granted by the BIA. The petitioner requested that the motion be granted *nunc pro tunc* to May 9, 2003, the date that the motion to stay removal was filed.

The government is not opposed to Macotaj's motion to stay removability pending review of the BIA's order. It does, however, oppose the granting of the motion to stay voluntary departure, arguing that the decision to grant an extension of the period for voluntary departure is within the sole discretion of the Department of Homeland Security, and distinguishing the facts in this case from those in our recent decision in *Nwakanma v. Ashcroft*, 352 F.3d 325 (6th Cir. 2003).

In *Nwakanma*, the petitioners had moved for a stay of voluntary departure while the period for voluntary departure was still in effect. The question in that case was whether we had the authority to grant such a motion, given the statutory proscriptions against judicial review of the grant or denial of voluntary departure in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), 8 U.S.C. §§ 1229c(f) and 1252(a)(2)(B)(i). We held in *Nwakanma* that "in granting a stay of voluntary departure, we do not pass on the substance of the decision to grant voluntary departure; we only stay the immediate effectiveness of the relief already granted by respondent in his discretion, to allow the alien petitioner to receive appellate review." *Id.* at 327 (citing *Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1175 (9th Cir. 2003) (Berzon, J., concurring)). *Accord El Himri v. Ashcroft*, 344 F.3d 1261, 1262 (9th Cir. 2003) ("We conclude that the District Director's authority to extend voluntary departure does not limit this court's equitable authority to grant a stay of the voluntary departure time period."); *Lopez-Chavez v. Ashcroft*, 383 F.3d 650, 653 (7th Cir. 2004) (agreeing with the Ninth Circuit that "courts retain the equitable power to stay voluntary departure orders, notwithstanding the restrictions that exist under IIRIRA, when such an action is taken to preserve meaningful judicial review"). *But see Ngarurih v. Ashcroft*, 371 F.3d 182, 194 (4th Cir. 2004) (stay of voluntary departure prohibited by IIRIRA).

By contrast, the question in the post-*Nwakanma* case of *Mullai v. Ashcroft*, 385 F.3d 635, 640 (6th Cir. 2004), was "whether a court may *reinstate* voluntary departure where the voluntary-departure period granted by the BIA expires before petitioner seeks *either a stay of removal or a stay of voluntary departure*." (Emphasis added.) Hence, the question not directly addressed in *Mullai*, because it was not raised by the facts in that case, was whether the filing of a timely motion to stay removal *would* be sufficient to permit the exercise of our equitable powers to stay the voluntary-departure period, despite the lack of a timely-filed motion to stay voluntary departure. Nevertheless, implicit in the language of *Mullai* is a recognition that a motion to stay removal, filed

within the voluntary-departure period set by the BIA, might well be sufficient to preserve our authority to stay the running of that period pending our review of the BIA order.

Indeed, the Ninth Circuit has so held, in an opinion that was announced shortly before our opinion in *Mullai* was released. In *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir. 2004), the court "construe[d] Desta's motion to stay removal as including a request to stay voluntary departure," noting that

> . . . the same substantive standards govern motions to stay removal and motions to stay voluntary departure. Thus, if the standard to stay removal is satisfied, the standard to stay voluntary departure is necessarily satisfied. Moreover, *El Himri* established that the same procedures used for motions to stay removal are also used for motions stay voluntary departure. A motion to stay voluntary departure is thus in many ways "ancillary" to a motion to stay removal, and it is reasonable to construe a motion to stay removal to include a request to stay voluntary departure.

*Id*. at 748 (citations omitted). *Accord Rife v. Ashcroft*, 374 F.3d 606, 616 (8th Cir. 2004) ("[I]f . . . the alien files a motion to stay removal before the period of voluntary departure expires, we will deem the grant of that motion to include a stay of the voluntary departure period.").[1]

Because we are granting the petitioner's motion to stay the running of the voluntary-departure period, and not reinstating or extending it, the remainder of the 30 days granted by the BIA will begin to run from the date that the mandate issues from this court, leaving the petitioner nine days from that date in which to leave the United States voluntarily, without incurring the penalties that would otherwise attach to his forced removal.

The motion to stay voluntary departure is GRANTED. The petition for review is DENIED.

---

[1]The government argues that we should instead follow the decisions rendered in *Alimi v. Ashcroft*, 391 F.3d 888 (7th Cir. 2004), and *Bocova v. Gonzales*, 412 F.3d 257 (1st Cir. 2005). In those opinions, the courts declined to treat a motion for stay of removal as encompassing a request for a stay or "extension" of voluntary departure, based on two rationales: first, that the government and the court are entitled "to understand exactly what relief the movant is seeking," *Bocova*, 412 F.3d at 268, and second, that the petitioner should not be allowed to pursue judicial review and still take advantage of the benefits of the streamlined voluntary departure procedures. *See Alimi*, 391 F.3d at 892. We see no practical justification for either of these rationales.

It is, of course, important that courts understand what relief litigants are seeking. At the same time, the possibility of misunderstanding in this immigration setting strikes us as minimal. Moreover, it hardly seems unfair to allow a petitioner to seek judicial review of a possibly erroneous administrative decision and still take advantage of a benefit that was granted by the immigration judge (the right of voluntary departure) and actually renewed by the BIA on the petitioner's appeal to the agency.