**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0758n.06

**No. 08-4660**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Dec 02, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ARBEN GJOKAZAJ, | ) | |
| | ) | ON PETITION FOR REVIEW |
| Petitioner, | ) | OF AN ORDER OF THE |
| | ) | BOARD OF IMMIGRATION |
| v. | ) | APPEALS |
| | ) | |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: GUY, ROGERS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Petitioner Arben Gjokazaj, a native and citizen of Albania, petitions for review of an adverse

order of the Board of Immigration Appeals affirming the immigration judge's decision denying

Gjokazaj's applications for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT").[1] We deny Gjokazaj's petition for review.

I.

Gjokazaj, born in Albania in 1970, entered the United States on March 11, 2000, as a non-

immigrant visitor for business with authorization to stay for a period not to exceed April 10, 2000.

He overstayed his visa and filed an affirmative application for asylum on March 3, 2001. The

---

[1]United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading
Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85; 8 C.F.R. § 208.18.

application was denied, and, on April 13, 2001, Gjokazaj was served with a notice to appear and placed in removal proceedings as a non-immigrant who remained in the United States for a time longer than permitted, contrary to 8 U.S.C. § 1227(a)(1)(B). Gjokazaj admitted the allegations contained in the notice to appear and conceded removability, but renewed his application for asylum and also requested withholding of removal and protection under the CAT. Gjokazaj claimed that he left Albania in March 2000 because his life was in danger due to his role as a student activist and supporter of the Democratic Party in the 1990's. In his applications, he cited several incidents spanning the time period from December 1990 to February 2000, when he was allegedly arrested, beaten, tortured, and threatened by the Albanian police and members of the Socialist Party because of his active participation in elections and rallies supporting the Democratic Party.

On August 28, 2007, following a removal hearing at which Gjokazaj was the sole witness, the immigration judge ("IJ") issued an oral decision denying all forms of relief and ordering Gjokazaj's removal to Albania. The IJ rendered an adverse credibility determination based upon internal inconsistencies in Gjokazaj's testimony, discrepancies between his testimony and his written asylum application, and omissions in both his testimony and the written applications relating to key events and matters going to the heart of his claim. In light of these contradictions, the IJ found that Gjokazaj was not credible and thus could not sustain the requisite burden of proof to establish his eligibility for asylum.

The IJ further held that, even assuming Gjokazaj's claims were credible and demonstrated past persecution, the government's proofs showing improved country conditions in Albania rebutted

the presumption of a well-founded fear of future persecution. The IJ summarized a 2006 State Department Country Report and a March 2004 profile of asylum claims, both of which reflected the current Albanian government's respect for the human rights of its citizens, a sharp decline in acts of political oppression and related violence, a tolerance for those individuals who opposed the former Communist regime, and the increased professionalism of the Albanian police after 1997. Of particular significance to Gjokazaj's asylum claim was the fact that the Democratic Party won the national elections in 2005 and the leader of the Democratic Party is now the prime minister of Albania.

The IJ noted that Albania remains a country with a high degree of organized crime, blood feuds, and corruption; however, "government corruption based on criminal activities does not support a finding that [Gjokazaj] has a well-founded fear of returning to Albania because of his political activities with the Democratic Party, a party which is currently in national control in Albania."

In light of these improved country conditions, the IJ held that Gjokazaj failed to establish a well-founded fear of future persecution based upon his political beliefs. The IJ also determined that Gjokazaj was ineligible for withholding of removal and protection under the CAT because of the lack of evidence supporting these claims. The IJ thus ordered Gjokazaj's removal to Albania.

In an order issued on November 10, 2008, the BIA adopted and affirmed the IJ's "thorough and well-reasoned decision" and dismissed Gjokazaj's appeal. This timely petition for review followed.

II.

In his petition, Gjokazaj argues that the IJ's adverse credibility determination is not supported by substantial evidence on the record when viewed as a whole and that he has met the requisite burdens of proof so as to establish his eligibility for asylum, withholding of removal, and protection under the CAT. We disagree.

We review de novo issues of law, *Csekinek v. INS,* 391 F.3d 819, 822 (6th Cir. 2004), and assess the factual findings of the BIA, including credibility determinations, using the substantial evidence standard, which requires that we uphold the BIA's findings as long as they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Mostafa v. Ashcroft*, 395 F.3d 622, 624 (6th Cir. 2005). Under this highly deferential standard, "findings of fact are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). To the extent the BIA adopted the IJ's reasoning, we review directly the IJ's decision. *Parlak v. Holder*, 578 F.3d 457, 462 (6th Cir. 2009).

Because Gjokazaj's asylum application preceded the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), the IJ's adverse credibility determination "'must be supported by specific reasons [and] . . . must be based on issues that go to the heart of the applicant's claim.'"[2] *Liti v. Gonzales*, 411 F.3d 631, 637 (6th Cir. 2005) (quoting *Sylla v. INS*, 388

---

[2]The REAL ID Act modified the standard governing credibility determinations and now provides that such findings should be "based on the 'totality of the circumstances' and take into account 'all relevant factors.'" *El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009) (quoting 8

F.3d 924, 926 (6th Cir. 2004)).  As a general rule, discrepancies have no bearing on an applicant's credibility unless they serve to enhance the applicant's claim of persecution.  *Sylla,* 388 F.3d at 926.  Speculation and conjecture provide inadequate bases for an adverse credibility determination, which must instead be supported by substantial evidence.  *Liti*, 411 F.3d at 637.

The Attorney General may grant asylum to a "refugee" – "one who is unable or unwilling to return to . . . [his or her home country] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  *Selami v. Gonzales*, 423 F.3d 621, 625 (6th Cir. 2005) (quoting 8 U.S.C. § 1101(a)(42)(A)).  The applicant bears the burden of proving eligibility for asylum.  8 C.F.R. § 1208.13(a).  "To prove one's refugee status, one must present specific facts demonstrating suffering of past persecution or a well-founded fear of future persecution motivated by one of these five statutorily protected grounds."  *Allabani v. Gonzales*, 402 F.3d 668, 674 (6th Cir. 2005).  An applicant who establishes past persecution is entitled to a presumption of a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(1), which may be rebutted by the government upon a showing of changed country conditions that undermine any such well-founded fear.  *Pascual v. Mukasey*, 514 F.3d 483, 485 (6th Cir. 2007) (citing 8 C.F.R. § 208.13(b)(1)(i)(A)).  A well-founded fear of future persecution must be not only subjectively genuine, but objectively reasonable as well.  *Akhtar v. Gonzales*, 406 F.3d 399, 404 (6th Cir. 2005).

---

U.S.C. § 1158(b)(1)(B)(iii)).

In the present case, the IJ carefully chronicled numerous discrepancies in the evidence. The IJ noted inconsistencies pertaining to the dates of Gjokazaj's initial arrest and his involvement in a major political protest, and the individuals who were with him during alleged incidents of persecution. The record also confirms that Gjokazaj inexplicably changed his testimony when prompted by counsel. Gjokazaj omitted key information from his testimony that was contained in his application, including his allegation that he and his cousin were accosted by three armed men, who pointed pistols in their faces, and the fact that he had been interviewed on Albanian television and radio. In sum, the IJ pointed to specific and cogent reasons for finding that Gjokazaj was not credible. Conversely, Gjokazaj has provided no basis for disturbing the IJ's adverse credibility determination. Having thoroughly reviewed the record, we therefore conclude that the IJ and BIA properly denied his application for asylum.

Alternatively, even if Gjokazaj is deemed to be credible, the IJ properly concluded that evidence of improved country conditions negated his claim of a well-founded fear of future persecution should he return to Albania. As the IJ noted, the Democratic Party, with which Gjokazaj is affiliated, is now the governing political party in Albania. Moreover, State Department reports "are generally the best source of information on conditions in foreign nations." *Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004) (citation omitted). On the basis of these reports, we have "repeatedly concluded that the conditions in Albania have improved to such an extent that there is no objective basis for a well-founded fear of future persecution based on political or religious beliefs." *Ceraj v. Mukasey*, 511 F.3d 583, 593 (6th Cir. 2007) (citing *Ramaj v. Gonzales*, 466 F.3d

520, 530-31 (6th Cir. 2006); *Macotaj v. Gonzales*, 424 F.3d 464, 465 (6th Cir. 2005); and *Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004)). *See also Ndrecaj v. Mukasey*, 522 F.3d 667, 676-77 (6th Cir. 2008); *Shkulaku-Purballori v. Mukasey*, 514 F.3d 499, 503 (6th Cir. 2007); and *Liti*, 411 F.3d at 639-40. The IJ appropriately reached the same conclusion in this case.

"Because an alien must meet a higher burden in establishing a right to withholding of removal than in demonstrating asylum eligibility, an alien who fails to qualify for asylum necessarily does not qualify for withholding of removal." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005). Gjokazaj's application for withholding of removal is accordingly foreclosed, as is his request for protection under the CAT. *See Hamida v. Gonzales*, 478 F.3d 734, 741-42 (6th Cir. 2007).

III.

For the foregoing reasons, we deny Gjokazaj's petition for review.