**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0334n.06

No. 10-4132

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Mar 28, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| AURORA PLLUMAJ; KLEDI PLLUMAJ, | ) | ON REVIEW FROM THE |
| | ) | BOARD OF IMMIGRATION |
| Petitioners, | ) | APPEALS |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, JR., Attorney General, | ) | **OPINION** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**Before: SILER, ROGERS, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Aurora Pllumaj, a native and citizen of Albania, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We AFFIRM the BIA's decision and deny Pllumaj's petition for review.

**I**

Pllumaj entered the United States on or around September 3, 2001, without being admitted or paroled by an immigration officer. On August 28, 2002, Pllumaj filed an application for asylum, withholding of removal, and CAT protection, asserting that she was persecuted in Albania on account of her parents' political activities with the Democratic Party (PD) in Albania and her involvement with the Youth Forum of the PD of Shkodra, the city where she and her parents resided.

1

Pllumaj's application also stated that following a July 9, 2001 protest by the Youth Forum and PD at which she gave a speech, three men forced her into a car, beat her, called her a "democrat bitch," and drove to an abandoned building, where the three raped her. On October 22, 2002, the INS commenced removal proceedings against Pllumaj and her husband, Kledi Pllumaj, filing a Notice to Appear (NTA) and charging them with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as aliens not admitted or paroled. Petitioners admitted the NTA allegations, conceded removability, and stated that they planned to apply for asylum, withholding of removal and CAT protection.

Pllumaj filed a new application for asylum and withholding of removal on August 25, 2004, and included her husband as a derivative applicant for asylum. Pllumaj, her parents, and her husband testified at the December 5, 2005 merits hearing before the IJ. Pllumaj and her parents testified to her involvement with the PD Youth Forum, and her parents testified that they were active in the PD. Pllumaj and her parents testified that after the men beat and raped Pllumaj following her speech at a political protest, Pllumaj spent three days in a hospital in a city thirty minutes away from the family's residence in Shkodra, and then stayed with an uncle in a city at an hour's distance from Shkodra for several months. Pllumaj's parents testified that they strove to hide that Pllumaj had been raped because in Albania women that are raped bring shame on their families and are sometimes killed.

## II

On November 13, 2008, the IJ issued a written decision denying Pllumaj's applications and ordering her removed to Albania. The IJ found Pllumaj was ineligible for asylum because she did not establish that she filed her application within one-year of her arrival; determined that Pllumaj was not credible, noting internal inconsistencies in her testimony, inconsistencies between her and

2

her mother's testimony, as well as inconsistencies between her parents' testimony; and alternatively found that even if Pllumaj had testified credibly about her past persecution, DHS demonstrated that country conditions in Albania had changed to such an extent that Pllumaj no longer had a well-founded fear of persecution. Regarding Pllumaj's request for CAT protection, the IJ concluded that there was no evidence that she would be targeted for torture if returned to Albania or that any such torture would be at the hands of the Albanian government. Petitioners appealed to the BIA.

The BIA dismissed Petitioners' appeal, agreeing only with the IJ's alternative finding that assuming that Pllumaj was credible and that she established past persecution, her presumption of a well-founded fear of future persecution was rebutted by improved country conditions in Albania:

> We agree with the Immigration Judge that, assuming arguendo that she was credible and that past persecution was established, the respondent's presumption of a well-founded fear has been rebutted by improved country conditions in Albania. *See* I.J. at 13-14; 8 C.F.R. § 1208.13(b)(1)(ii); *Ceraj v. Mukasey*, 511 F.3d 583, 593-594 (6th Cir. 2007) ("this court has [] repeatedly concluded that the conditions in Albania have improved to such an extent that there is no objective basis for a well-founded fear of future persecution based on political or religious beliefs") (citing, inter alia, *Ramaj v. Gonzales*, 466 F.3d 520, 530-31 (6th Cir. 2006)). As the [IJ] noted, DHS has the burden to show a change in country conditions to rebut the presumption of a well-founded fear of persecution. Under the facts of this case, the country conditions reports relied on by the [IJ] rebut any presumption of a well-founded fear of persecution. In addition, the most recent report issued in March 2010, including descriptions of the overwhelmingly peaceful nature of the most recent national elections, further supports the finding of improved country conditions. *See* Department of State, Bureau of Human Rights, Democracy, and Labor - Albania Country Reports on Human Rights Practices - 2009 (March 11, 2010). Based on improved country conditions, the respondent's presumption of a well-founded fear has been rebutted, and on that basis she has failed to establish eligibility for asylum and for withholding of removal to Albania.

> The respondent states on appeal that she should be granted asylum as a matter of discretion on humanitarian grounds pursuant to *Matter of Chen*, 20 I&N Dec. 16 (BIA 1989); *see also* 8 C.F.R. § 1208.13(b)(1)(iii)(A). We disagree. The respondent has made a very limited argument on this issue and has not delineated any of the specific factors that would lead to a favorable exercise of discretion on the very

3

narrow form of relief of humanitarian asylum, and does not allege risk of "other serious harm." The respondent has not met her burden of proof on this claim. *See generally Ngarurih v. Ashcroft*, 371 F.3d 182, 190-91 (4th Cir. 2004); *Naigzi v. Gonzales*, 455 F.3d 484 (4th Cir. 2006) (persuasive circuit authority).

AR 1-4. Petitioners filed the instant petition for review on September 15, 2010.

### III

Where the BIA reviews the IJ's decision and issues a separate opinion, rather than summarily affirming the IJ's decision, we review the BIA's decision as the final agency determination. *Al-Ghorbani v. Holder*, 585 F.3d 980, 991 (6th Cir. 2009). To the extent the BIA adopted the IJ's reasoning, however, we also review the IJ's decision. *Id.* We review the BIA's legal conclusions de novo, but defer to the BIA's reasonable interpretations of the INA and accompanying regulations. *Shan Sheng Zhao v. Holder*, 569 F.3d 238, 246, 247 (6th Cir. 2009).

### A

Pllumaj's first five issues on appeal fail to acknowledge that the BIA did not base its decision on the IJ's adverse-credibility or untimeliness findings, but rather, the BIA agreed only with the IJ's alternative finding that assuming Pllumaj was credible and that she established past persecution, her presumption of a well-founded fear of future persecution was rebutted by improved country conditions in Albania. *See Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010) (stating that where the BIA analyzes an applicant's asylum claim assuming that the applicant's testimony was credible, "[this court] will do so as well."), *Ayyad v. Holder*, 391 F.App'x 485, 487 (6th Cir. 2010) (unpublished).

Pllumaj's first five issues on appeal include that the BIA violated her due process rights by failing to conduct an independent evidentiary evaluation of the IJ's decision; that the BIA "focused

entirely on changed country conditions, instead of on the [IJ's] gross errors"; and that various rulings of the IJ were erroneous. However, Pllumaj cites no authority to support that the BIA must discuss an IJ's findings and rulings if the BIA agrees with an alternative and dispositive ground for denying asylum or withholding of removal. *See Djokovic v. Mukasey*, 273 F. App'x 505, 511 (6th Cir. 2008) (unpublished) (declining to review IJ's credibility determination where affirming on basis of changed country conditions).

**B**

As to her asylum and withholding of removal claims, Pllumaj has abandoned these claims by failing to challenge the basis of the BIA's decision – that conditions in Albania had improved to the extent that she no longer has a well-founded fear of future persecution.[1]

All that remains then is Pllumaj's challenge to the BIA's decision to deny humanitarian asylum. An applicant who has established past persecution on account of a qualifying ground, but who does not have a well-founded fear of future persecution may nonetheless be granted asylum on humanitarian grounds under 8 C.F.R. § 1208.13(b)(1)(iii). The Attorney General reserves this form of asylum for rare instances involving the most atrocious abuse, where the past persecution was so severe that it would be inhumane to return the alien to her native country. *See In re Chen*, 20 I&N Dec. 16, 19-20 (BIA 1989) (granting humanitarian asylum to applicant, a Chinese Christian who established that he suffered extreme abuse, both physical and psychological, over ten years during China's Cultural Revolution); *Ben Hamida v. Gonzales*, 478 F.3d 734, 740 (6th Cir. 2007) (noting

---

[1]We observe that this court has noted that conditions have improved in Albania to such an extent that various asylum applicants could not show an objective basis for a well-founded fear of future persecution based on political or religious beliefs. *See Ceraj v. Mukasey*, 511 F.3d 583, 593 (6th Cir. 2007); *see also Macotaj v. Gonzales*, 424 F.3d 464, 465 (6th Cir. 2005); *Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004).

that "[u]nder the rule announced in [*Chen*], in rare instances, an applicant may be eligible for asylum where he 'has suffered under atrocious forms of persecution,' even where there is little likelihood of future persecution.") We review the BIA's decision to deny Pllumaj humanitarian asylum for an abuse of discretion. *Chieh v. Holder*, 411 F. App'x 800, 805 (6th Cir. 2011) (unpublished), *Mbodj v. Holder*, 394 F. App'x 239, 245 (6th Cir. 2010) (unpublished).

Pllumaj argues that "even if country conditions have changed since her departure, she would endure great psychological hardship if she were to return to Albania due to the serious harm she suffered," and that "return to Albania would risk even more serious psychological harm for her and destruction of her family relationships based upon the cultural context in Albania."

Although being beaten and raped by three men is deplorable and likely to have long-lasting emotional and psychological effects, we cannot conclude that the BIA abused its discretion in finding Pllumaj's limited argument insufficient to support the extraordinary relief requested.

For the foregoing reasons, we deny Pllumaj's petition for review.