**Fereshteh ABBASSI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70375.

United States Court of Appeals,
Ninth Circuit:

Submitted to Motions Panel April 28, 1998.

Decided May 1, 1998.

David L. Ross, Beverly Hills, California, for petitioner.

Karen Ann Hunold, Office of Immigration Litigation, Department of Justice, Washington, DC, for respondent.

Before: BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.

Petitioner Fereshteh Abbassi moves for a stay of deportation pending disposition of her petition for review of the Board of Immigration Appeals' order affirming the denial of her application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). Upon her motion, Abbassi's deportation was stayed temporarily pursuant to *De Leon v. INS,* 115 F.3d 643 (9th Cir.1997). The Immigration and Naturalization Service opposes Abbassi's stay request, and we now decide whether she warrants a discretionary stay of deportation during the pendency of this petition for review.

■ We evaluate stay requests under the same standards employed by district courts in evaluating motions for preliminary injunctive relief. *See Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir.), *rev'd in part on other grounds,* 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983). Petitioner must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor. *See Artukovic v. Rison,* 784 F.2d 1354, 1355 (9th Cir.1986); *see also Arthurs v. INS,* 959 F.2d 142, 143–44 (9th Cir. 1992). These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified. *See Lopez,* 713 F.2d at 1435.

■ Abbassi's stay request, submitted by counsel, states in full: "[p]etitioner respectfully requests a stay of deportation as she has demonstrated a prima facie case for the granting of asylum." Abbassi's perfunctory request for a stay is wholly insufficient to meet the requirements for a stay. *See Artukovic,* 784 F.2d at 1355. Counsel failed to discuss the merits of Abbassi's petition for review, and identified no potential hardships Abbassi would face if deported prior to disposition of this petition.

Finding no basis upon which to grant the relief requested, we deny Abbassi's request for a stay of deportation without prejudice to renewal accompanied by a showing that a discretionary stay of deportation is warranted. *See id.*

The briefing schedule will be set by separate order.