Haifa Saleh EL HIMRI; Musab
El Himri, Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71152.

United States Court of Appeals,
Ninth Circuit.

Filed Sept. 19, 2003.

Matthew A. Carvalho of Heller Ehrman White & McAuliffe LLP, Seattle, WA, for the petitioners.

Ann Carroll Varnon, Office of Immigration Litigation, Department of Justice, Washington, DC, for the respondent.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

**ORDER**

Petitioners Haifa Saleh El Himri and Musab El Himri, mother and son, move for a stay of voluntary departure pending disposition of their petition for review of the Board of Immigration Appeals' ("BIA") final order of removal.

The Immigration Judge ("IJ") denied petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture, ordered petitioners removed to Jordan, and granted petitioners 62 days in which to voluntarily depart from the United States upon the posting of a $500.00 voluntary departure bond. The BIA adopted and affirmed the IJ's decision, and gave petitioners another 30 days in which to voluntarily depart.

Petitioners timely filed a petition for review in this court, along with a motion for stay of removal and voluntary departure. Respondent filed a notice of non-opposition to the motion for stay of removal, but opposed the motion for stay of voluntary departure.

Petitioners filed their motion for stay of voluntary departure the day after this court issued its opinion in *Zazueta–Carrillo v. Ashcroft*, 322 F.3d 1166 (9th Cir.2003). In *Zazueta–Carrillo*, this court held that the voluntary departure time period begins to run as soon as the BIA enters its order granting voluntary departure. *Id.* at 1174. *Zazueta–Carrillo* did not decide whether this court has the authority to stay an alien's voluntary departure time period while it reviews a final order of removal. *Id.* at 1174 n. 8.

In the motion for stay of voluntary departure, petitioners rely upon Judge Berzon's concurrence in *Zazueta–Carillo, id.* at 1175–78, and contend that this court retains equitable jurisdiction to stay voluntary departure in cases where a stay of removal is also warranted.

In opposition, respondent contends that this court lacks the equitable power to stay the voluntary departure time period because aliens may request an extension of the voluntary departure time period from the District Director under 8 C.F.R. § 240.26(f). Respondent points to no statutory prohibition against this court's stay of the voluntary departure time period.

■ We are persuaded by the sound reasoning contained in Judge Berzon's concurrence in *Zazueta–Carrillo*, 322 F.3d at 1175–78, and we hold that this court retains equitable jurisdiction to stay the voluntary departure period.

We conclude that the District Director's authority to extend voluntary departure time periods does not limit this court's equitable authority to grant a stay of the voluntary departure time period. Because this court's equitable authority is distinct from the District Director's authority to grant extensions of the voluntary departure time period, this court's grant or denial of a motion for stay of the voluntary departure time period shall not interfere with the District Director's authority to grant an extension of the voluntary departure time period under 8 C.F.R. § 240.26(f).

■ We hold that the standards for obtaining a stay of removal shall also apply to stays of voluntary departure.[1] Accordingly, a petitioner must show either (1) "a probability of success on the merits and the possibility of irreparable injury," or (2) "that serious legal questions are raised and the balance of hardships tips sharply in the petitioner's favor." *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir.1998). "These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the contin-

---

1. As a procedural matter, in the future, this court shall temporarily stay the voluntary departure period pending determination of a motion for stay of voluntary departure, according to the same procedures presently in place for motions for stay of removal. *See De Leon v. INS*, 115 F.3d 643 (9th Cir.1997) (order); *see also* General Order 6.4(c).

uum a stay pending review is justified." *Id.*

█ Here, petitioners contend that serious legal questions are raised in their petition for review. First, petitioners contend that, contrary to *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001), the IJ failed to analyze their claims under the Convention Against Torture separately from their asylum and withholding claims. Second, petitioners contend that the IJ performed only a cursory analysis of petitioners' asylum and withholding claims, and did not properly examine the possibility of persecution based on imputed political opinion. Third, petitioners, who are stateless Palestinians born in Kuwait, contend that the IJ erred by ordering petitioners removed to Jordan, where neither petitioner has resided. Fourth, petitioners contend that, contrary to *Gutierrez–Centeno v. INS*, 99 F.3d 1529, 1535 (9th Cir. 1996), the IJ failed to consider the son Musab's application for relief separate from his mother's application.

Petitioners contend that they will suffer hardship because they have lived in the United States for thirteen years. Additionally, petitioners contend that four of the mother's five children are United States citizens, and the four citizen children will be separated from their mother if she leaves the country.

Respondent's opposition argues only that this court lacks the equitable power to stay voluntary departure, and contains no argument on the merits of the stay motion. We conclude that petitioners have met the standards for a stay.

Accordingly, we grant petitioners' motion for stay of voluntary departure pending disposition of the petition for review nunc pro tunc to March 14, 2003, the date petitioners filed their motion for stay of voluntary departure.[2] The stay of voluntary departure shall expire upon issuance of the mandate in this petition for review.

MOTION FOR STAY OF VOLUNTARY DEPARTURE GRANTED.

---

**2.** Here, petitioners filed the motion for stay of voluntary departure before the expiration of the voluntary departure time period. Accordingly, we do not decide the issue of whether this court may stay the voluntary departure time period if the motion for stay of voluntary departure is filed after expiration of the voluntary departure time period.