**Robert Kuan LIANG, a/k/a Robert Kuan–Wei Liang; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71166.

Agency Nos. A75–318–374, A75–318–375.

United States Court of Appeals, Ninth Circuit.

Oct. 15, 2003.

Joren Lyons, Angela M. Bean & Associates, San Francisco, CA, Petitioner.

Robert Kuan Liang, San Bruno, CA, pro se.

Chun–Mei Hsu Liang, San Bruno, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jamie M. Dowd, Office of Immigration Litigation, Washington, DC, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before HUG, B. FLETCHER, and TASHIMA, Circuit Judges.

### ORDER

At oral argument on October 6, 2003, counsel for Petitioners Robert Kuan Liang and Chun–Mei Hsu Liang made an oral motion for stay of voluntary departure *nunc pro tunc.* That motion is granted for the reasons stated below.

We have equitable jurisdiction to grant a stay of voluntary departure "in cases where a stay of removal is also warranted." *El Himri v. Ashcroft,* 344 F.3d 1261 (9th Cir.2003). The Liangs moved for a stay of removal on May 10, 2002, and we granted a temporary stay of removal to submit briefing on the motion for stay of removal. However, counsel submitted nothing, and soon afterward, counsel with-

drew from the case. Before that withdrawal, the stay of removal was denied.

Because ineffective assistance of counsel prevented Petitioners from presenting their arguments in favor of a stay of removal, we now review their case, *nunc pro tunc,* to decide whether a stay of removal (and therefore a stay of voluntary departure) was appropriate. For a stay to be granted, Petitioners "must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in [P]etitioners['] favor." *Abbassi v. I.N.S.,* 143 F.3d 513, 514 (9th Cir.1998) (test approved in *El Himri,* 344 F.3d at 1261–62).

At the time the Liangs filed a petition for review of the BIA's removal decision, their petition raised serious legal questions about the ineffective assistance of their counsel before and during the IJ proceedings. Petitioners have also shown that the balance of hardships tips sharply in their favor. *See El Himri,* 344 F.3d 1261 at 1263 (holding that where petitioners had lived in the U.S. for thirteen years and had U.S. citizen children, the hardships balanced sharply in their favor).

Accordingly, Petitioners' motion for stay of voluntary departure *nunc pro tunc* is granted. The stay of voluntary departure shall expire thirty days after the issuance of the mandate in the petition for review filed contemporaneously with this order.

MOTION FOR STAY OF VOLUNTARY DEPARTURE GRANTED.