Angel Araiza VILLANUEVA; Euridice Villanueva; Yukari A. Villanueva–Quiroz; Angel E. Villanueva–Quiroz, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73089.

Agency Nos. A75–261–312, A75–261–313, A75–261–314, A75–261–315.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2003.

Decided Nov. 4, 2003.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioners.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, M. Jocelyn Wright, Esq., U.S.Department of Justice, Jamie M. Dowd, Office of Immigration Litigation, Washington, DC, for Respondent.

Before HUG, B. FLETCHER, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Petitioners challenge the Board of Immigration Appeals' ("BIA") denial of their appeal of the Immigration Judge's refusal to grant their petition for asylum, and the Immigration Judge's determination that their removal proceedings began with the filing of the Notice to Appear in 1999, rather than with their earlier application for asylum. At oral argument, petitioners' counsel conceded that the determination of the date of commencement is controlled by our recent decision *Vazquez–Zavala v. Ashcroft*, which held that proceedings begin with the Notice to Appear, regardless of when the alien first contacted the INS. 324 F.3d 1105, 1107–08 (9th Cir.2003).

■ Because the Villanuevas' removal proceedings began in 1999, the BIA was correct to determine that they may not apply for suspension of deportation, which was available only to aliens who were in immigration proceedings before April 1, 1997. *See Vasquez–Zavala*, 324 F.3d at 1107. The BIA was also correct when it decided that the Villanuevas do not meet the heightened standards necessary for cancellation of removal. *Id.*

■ The Villanuevas also advance an equal protection claim related to their date-of-commencement argument. Petitioners argue that setting the date of the Notice to Appear as the date that removal proceedings commence arbitrarily distinguishes between similarly-situated aliens. "Because federal authority in immigration matters is plenary, federal classification differentiating between groups of aliens are subject to relaxed scrutiny" and are "valid unless wholly irrational." *Dillingham v. INS*, 267 F.3d 996, 1005 (9th Cir.

2001). Congress could have had a rational reason for choosing the date of the Notice to Appear as the commencement of proceedings. Changing eligibility rules in immigration law necessarily involves line-drawing between aliens. Because the government is able to control the date that the Notice to Appear is filed, Congress could reasonably have wanted that date, rather than the date of first contact between the alien and the immigration authorities, to act as the operative date for the applicability of new rules.

■ Finally, petitioners argue that the BIA's opinion showed insufficient review of the claims. In a two-page opinion the BIA stated that it had reviewed the record, the Immigration Judge's two prior decisions, and the Villanuevas' brief and found itself in agreement with the Immigration Judge. We have approved of BIA opinions that adopted Immigration Judge's opinions, just as the BIA has done in this case. *Alaelua v. INS*, 45 F.3d 1379 (9th Cir. 1995). Therefore, we conclude that the BIA properly determined that the petitioners' claim was meritless.

The individualized review required in asylum cases by *Ghaly v. INS* does not impose "unnecessarily burdensome or technical" requirements on the BIA. 58 F.3d 1425, 1430 (9th Cir.1995). All that is required is that the opinion state the BIA's "reasons for denying the petitioner relief adequate for us to conduct our review." *Id.* Here, the BIA has conducted a review and stated that it agrees with the decision and reasons expressed by the Immigration Judge, whose opinion is available to us.

For the reasons stated above, the decision of the BIA is affirmed and the petition for review is denied.

PETITION [FOR REVIEW] DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## ORDER

On October 6, 2003, at oral argument, counsel for the petitioners, Angel Villanueva Araiza, his wife Euridice, and their two oldest children, made an oral motion for stay of voluntary departure *nunc pro tunc*. That motion is granted.

In *Himri v. Ashcroft*, 344 F.3d 1261, 1262 (9th Cir.2003), this court held that it has the equitable power to grant a stay of voluntary departure. The standards for granting a stay of voluntary departure are the same standards used to evaluate a motion for stay of removal. *Id.* A petitioner must show "either (1) 'a probability of success on the merits and the possibility of irreparable injury,' or (2) 'that serious legal questions are raised and the balance of hardships tips sharply in the petitioner's favor.'" *Id.* (quoting *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir.1998)).

On December 12, 2002, this court granted the Villanuevas' unopposed motion for a temporary stay of removal which would remain in effect until the disposition of the case or further action by the court. Because the standards for a stay of removal and a stay of voluntary departure are identical, we apply the same analysis and hereby grant the petitioners' *nunc pro tunc* motion for stay of voluntary departure.

The stay of voluntary departure shall expire thirty days after the issuance of the mandate in this case.