Mario **ROMERO GAMEZ**; Azucena Deyanira Perez Reyes; Karen Elena Briones Perez, Petitioners,

v.

John **ASHCROFT**, Attorney General, Respondent.

Nos. 03–72172.

United States Court of Appeals, Ninth Circuit.

Submitted July 16, 2004.*

Decided July 27, 2004.

---

**2.** All references to the Guidelines are to the November 1, 2002, version.

**3.** *See* USSG § 2K2.1, comment. (n.5).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Elena Yampolsky, Carlos Vellanoweth, Esq., John Wolfgang Gehart, Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Charles W. Scarborough, Esq., OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: FARRIS, KOZINSKI and SILVERMAN, Circuit Judges.

### MEMORANDUM **

1. The BIA did not err in denying petitioners' motion to reopen. Such relief is foreclosed because petitioners did not leave the country within the voluntary departure period. Their failure to post the required bond automatically vacated their voluntary departure order, 8 C.F.R. § 1240.26(c)(3), but does not allow them to avoid the ten-year bar to relief imposed on aliens "permitted to depart voluntarily [who] fail [to do so] within the time period specified," 8 U.S.C. § 1229c(d).

2. The BIA was not required to give petitioners oral notice of the penalties for failing to leave within the time specified in their voluntary departure order. *See id.* ("The order permitting the alien to depart voluntarily shall inform the alien of the penalties [for failing to leave in time]."). The written notice the BIA provided petitioners was adequate. *See De Martinez v. Ashcroft,* No. 02–73939, 2004 WL 1486028, at *5 (9th Cir. July 2, 2004).

3. The filing of a motion to reopen does not automatically toll the period of voluntary departure. The court "retains equitable jurisdiction to stay the voluntary departure period," but for this power to be exercised, petitioner must show "a probability of success on the merits and the possibility of irreparable injury" or "that serious legal questions are raised and the balance of hardships tips sharply in [petitioners'] favor." *El Himri v. Ashcroft,* 344 F.3d 1261, 1262 (9th Cir.2003) (quoting *Abbassi v. INS,* 143 F.3d 513, 514 (9th Cir.1998)) (internal quotation marks omitted). Because these factors are absent here, the BIA did not err in denying petitioners' motion to reopen, even though it partly relied on *Shaar v. INS,* 141 F.3d 953 (9th Cir.1998), which interpreted a previous version of the statute, 8 U.S.C. § 1252b(e)(2)(A) (repealed 1996).

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.