**Miliete Yemane ANDEMICHAEL,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–73978.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2004.*

Decided Dec. 22, 2004.

Bart Klein, Esq., Law Offices of Bart Klein, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, John–Davis, U.S. Department of Justice, Washington, DC, Richard M. Evans, Esq., Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Miliete Yemane Andemichael, Seattle, WA, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

### MEMORANDUM **

■ Miliete Y. Andemichael, a native of Ethiopia and citizen of Eritrea, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We lack jurisdiction to review the IJ's determination that Andemichael is ineligible for asylum because she failed to apply within one year of arriving in the United States. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). Under 8 U.S.C. § 1252, we have jurisdiction to review the IJ's denial of withholding and relief under CAT. We dismiss the petition in part, and deny it in part.

The IJ determined that Andemichael came to the United States in 1997, but did not file an application for asylum until 1999, and, therefore, the asylum application was time-barred. The IJ noted that Andemichael's applications for withholding of removal and relief under CAT were not time-barred, and the IJ reached the merits of those claims.

■ Andemichael argues that the IJ's adverse credibility determination is not supported by substantial evidence, and, particularly, that the IJ failed to provide specific reasons for finding her testimony not credible regarding her social group of Eritreans of mixed parentage who held sensitive positions in the Eritrean military. The IJ acknowledged that Andemichael's father is of Eritrean ethnicity and her mother is of Ethiopian ethnicity. The IJ based the adverse credibility determination on the failure of Andemichael to mention any targeting or family detentions in her application for asylum or her asylum interview, and Andemichael's "extremely hazy" testimony. The evidence in the record does not compel a contrary determination. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Nor does the evidence of renewed hostilities between Eritrea and Ethiopia compel a contrary determination or a remand for a new hearing.

Andemichael is not entitled to CAT relief because she failed to demonstrate that it was more likely than not that she would be tortured upon return to Eritrea. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

We grant Andemichael's prayer for a "grant of voluntary departure until the final mandate," contained in her petition for review filed on November 21, 2002. This prayer was filed within the voluntary departure period granted by the BIA (30 days from the date of its order dated October 23, 2002). We grant the motion for a stay of voluntary departure effective November 21, 2002. The stay of voluntary departure will expire upon issuance of the mandate. *See El Himri v. Ashcroft,* 344 F.3d 1261, 1263 (9th Cir.2003).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.