Sonia Alicia **DUARTE–ORTEGA,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 03–74725.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Susan E. Hill, Esq., Hill & Piibe, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Mary Jane Candaux, Esq., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Sonia Alicia Duarte–Ortega, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") denial of her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision as the final agency order. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review adverse credibility findings for substantial evidence. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). We deny the petition for review.

Duarte–Ortega's testimony before the IJ contradicts information in her asylum application such as the number of times she was attacked, the reasons for the attacks and whether her brother was in the national police. These inconsistencies go to the heart of her asylum claim and constitute substantial evidence in support of the IJ's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

finding. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Due to the lack of credible testimony, Duarte–Ortega fails to demonstrate eligibility for asylum or withholding of removal. *See Farah,* 348 F.3d at 1156.

Substantial evidence also supports the IJ's conclusion that Duarte–Ortega failed to establish it was more likely than not that she would be tortured upon returning to Guatemala, and therefore is not entitled to relief under the CAT. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Duarte–Ortega's stay of removal and the voluntary departure period was continued based on the government's filing of a notice of non-opposition. The voluntary departure period was stayed, nunc pro tunc, as of the filing of her motion for the stay, and the stay will expire upon issuance of the mandate. *See El Himri v. Ashcroft,* 344 F.3d 1261, 1263 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**