**Ahmad Shah BAREKZAI, Petitioner,**

v.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–71115.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2005.

Decided Feb. 22, 2005.

Lea Greenberger, Attorney at Law, Encino, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, Esq., Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, CUDAHY,\*\* and RYMER, Circuit Judges.

MEMORANDUM \*\*\*

Ahmed Shah Barekzai, a native and citizen of Afghanistan, petitions for review of the decision by the Board of Immigration of Appeals (BIA) dismissing his appeal of an asylum claim and denying his request to reopen or remand to pursue protection under the United Nations Convention Against Torture (CAT). We deny the petition.

The BIA did not improperly take notice of the Taliban's removal from office without giving Barekzai an opportunity to respond. It did so only in connection with Barekzai's own request to remand or reopen on account of changed country conditions, not in connection with his asylum claims, which the BIA affirmed for reasons

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The Honorable Richard D. Cudahy, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

stated by the Immigration Judge. *Cf. Castillo–Villagra v. INS*, 972 F.2d 1017 (9th Cir.1992) (taking notice of changed country conditions in lieu of considering appeal from asylum claims on the merits). Barekzai suffered no past persecution, and had no well-founded fear of future persecution at the hands of the Taliban, he gave no indication to the BIA of how he might be impacted personally by the Taliban—whether it was in power or out of power. In these circumstances, we see no due process violation and no basis upon which Barekzai could make out a claim for protection under CAT.[1]

**PETITION DENIED.**

---

1. In his reply brief, Barekzai asks for an equitable extension of the period granted by the Immigration Judge for voluntary departure to the extent that the BIA failed to do so. We express no opinion on whether the BIA did, or did not, extend the period, but Barekzai's request for us to do so is untimely. *See El Himri v. Ashcroft*, 344 F.3d 1261, 1262–63 (9th Cir.2003); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

