**Mohammad Abdu AL–
BARK, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 03–72045.

Agency No. A72–008–323.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Aug. 2, 2005.

Decided Sept. 19, 2005.

Jonathan D. Montag, Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioner.

Regional Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, Richard M. Evans, Patricia A. Smith, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Mohammad Abdu Al–Bark, a native of the Palestinian West Bank with a Jordanian passport, petitions for review of the Board of Immigration Appeals' order denying his motion to remand to apply for adjustment of status and his application for asylum and withholding of deportation. Al–Bark also moves to stay his period of voluntary departure.

### I.

The BIA properly denied Al–Bark's motion to remand for consideration of an application for adjustment of his status because Al–Bark failed to demonstrate prima facie eligibility for the requested relief. Al–Bark was unable to show at the time that "an immigrant visa [was] immediately available to him" because his wife's approved application for a Form I–360, Special Immigrant Petition for Religious Worker, had not been processed by the time the motion to remand was filed. *See* 8 U.S.C. § 1255(a); 8 C.F.R. § 245.2(a)(2)(i)(A).

### II.

Substantial evidence supports the IJ's conclusion that Al–Bark failed to establish past persecution or a well-founded fear of future persecution on account of a statutorily-enumerated ground.[1] *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also* 8 U.S.C. § 1101(a)(42). The IJ's findings of fact are conclusive unless any reasonable judge would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B). The IJ permissibly concluded that the incidents alleged by Al–Bark do not rise to the level of persecu-

tion. *See, e.g., Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). The evidence in the record does not compel a contrary conclusion. *See Elias–Zacarias*, 502 U.S. at 482–84, 112 S.Ct. 812. By failing to demonstrate eligibility for asylum, Al–Bark necessarily failed to meet the more stringent standard for withholding of deportation. *See, e.g., De Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997).

### III.

Al–Bark filed his petition for review under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act. In transitional rules cases, the voluntary departure period is automatically stayed by the timely filing of a petition for review. *Elian v. Ashcroft*, 370 F.3d 897, 901 (9th Cir.2004). The REAL ID Act which took effect on May 11, 2005, provides, however, that a petition filed under the transitional rules "shall be treated as if it had been filed as a petition for review under [8 U.S.C. § 1252]." REAL ID Act, Pub. L. No. 109–13, § 106(d), 119 Stat. 231, 311 (2005). We so treat Al–Bark's petition. We need not decide whether voluntary departure was automatically stayed here—and thus whether *Zazueta–Carrillo v. Ashcroft*, 322 F.3d 1166, 1174 (9th Cir.2003), applies—because Al–Bark filed a timely motion to stay his removal on May 16, 2003, before the expiration of his 30–day voluntary departure period. We construe that motion as a timely filed motion to stay his period of voluntary departure and grant the motion. *See Desta v. Ashcroft*, 365 F.3d 741, 743 (9th Cir.2004). Accordingly, we deny Al–Bark's October 10, 2003, motion to stay voluntary departure as moot. On the ba-

---

1. "When the BIA clearly incorporates the IJ's opinion ... we treat the IJ's statement of reasons as the BIA's and review the IJ's decision...." *Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995).

sis of equitable considerations, we toll for 28 days the period within which Al–Bark must voluntarily depart. *See El Himri v. Ashcroft,* 344 F.3d 1261, 1262 (9th Cir. 2003). Al–Bark has 30 days from the date of the issuance of our mandate to depart voluntarily.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.