

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2005

# Hadi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3343

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hadi v. Atty Gen USA" (2005). *2005 Decisions.* Paper 335.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/335

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3343
_____

SUSI NURSANTI HADI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY DEPARTMENT OF HOMELAND SECURITY,

Respondents
_____

On Petition for review of an Order of the Board of Immigration Appeals
INS No. A79 323 896
_____

Submitted Under Third Circuit LAR 34.1(a) October 25, 2005

Before: SLOVITER, FISHER, and ROSENN, Circuit Judges.

(Filed October 27, 2005)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Susi Nursanti Hadi, a citizen of Indonesia, petitions for review of the

determination of the Board of Immigration Appeals ("BIA") denying her application for

asylum and withholding of removal under the Immigration and Nationality Act ("INA"),

8 U.S.C. §§ 1158, 1231, and protection under Art. III of the Convention Against Torture ("CAT"). The BIA affirmed without opinion the findings of the Immigration Judge ("IJ") that Hadi failed to establish past persecution, a well-founded fear of future persecution, or a likelihood of torture in Indonesia. The IJ granted Hadi's request for voluntary departure. She was subsequently granted a stay of deportation pending resolution of her petition for review, and she also requested that this Court extend her period for voluntary departure. We will deny the petition for review with respect to the claims for asylum and withholding of removal under the INA, and withholding of removal under the CAT, and decline to decide Hadi's motion to extend her period of voluntary departure for lack of jurisdiction.

I.

Hadi is a 32-year-old divorced female from Indonesia, who entered the United States in late June, 2000, on a tourist visa that expired in December, 2000. She currently resides in Philadelphia and works at a paper factory in New Jersey. The Immigration and Naturalization Service ("INS") instituted removal proceedings and granted her a hearing before an IJ. Because we write primarily for the parties, we discuss only the essential facts.

At her hearing, Hadi testified and submitted documentary evidence. The testimony and evidence establishes that she is ethnically Chinese and a Christian, and like many similar petitioners, that she and her family have been subjected to discriminatory

2

treatment and criminal acts at the hands of "native Indonesians," to which police officers and other government officials were not very responsive. She testified that her family's store had been targeted by vandals and thieves and that she was personally robbed and assaulted on the streets several times by young Indonesian men. Hadi claims that as a result of these incidents, she has a well-founded fear of persecution sufficient to qualify for asylum.

The IJ found that Hadi's application for asylum was timely filed within one year of her arrival in the United States. The IJ expressed reservations, however, about Hadi's credibility. He characterized some of her statements as inherently incredible, such as that no native Indonesian Catholics attended her church, and that no native Indonesians were targeted for robberies regardless of their wealth. But the IJ held that even if the essential portions were credited, Hadi had not established a well-founded fear of future persecution, and that she therefore did not qualify for asylum or withholding of removal under the INA, 8 U.S.C. §§ 1158(b)(1); 1101(a)(42)(A); 1231(b)(3)(A). He also found that she had not established any likelihood of torture and therefore denied her claim for withholding of removal under the CAT. 8 C.F.R. § 1208.16(c). He granted her request for voluntary departure on or before March 10, 2003. The BIA affirmed without opinion on July 14, 2004, and extended her period for voluntary departure for 30 days from its decision.

On appeal, Hadi argues that she provided sufficient and credible evidence of

persecution to qualify for asylum, and that the BIA erred in affirming without issuing its own opinion because the issues raised by her petition were so substantial that they required the issuance of a written opinion. Although we granted Hadi's motion to stay deportation pending resolution of her petition, we now decline to hear her motion to stay the period of voluntary departure for lack of jurisdiction. For the reasons below, we also affirm the BIA's decision to deny her claims for asylum, withholding of removal, and relief under the CAT.

## II.

We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252. Because the BIA affirmed without opinion, we review the IJ's opinion under the same standards of review as we would a decision of the BIA. Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001). A grant or denial of asylum is reviewable for abuse of discretion. Reynoso-Lopez v. Ashcroft, 369 F.3d 275, 278 (3d Cir. 2004). The IJ's factual determinations should not be overturned unless a reasonable factfinder would be compelled to conclude otherwise. Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001). The BIA's decision to affirm the decision of the IJ without opinion is subject to arbitrary and capricious review. Smriko v. Ashcroft, 387 F.3d 279, 296 (3d Cir. 2004). We review the question of whether we have jurisdiction to hear Hadi's motion to stay the period of voluntary departure *de novo*, as it is initially a question of statutory construction. United States v. Torres, 383 F.3d 92, 95 (3d Cir. 2004).

The IJ's adverse credibility findings were based on substantial evidence on the record, and not merely on conjecture and speculation, and should therefore be upheld. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). The Court notes that Hadi admitted lying to the asylum officer at her asylum interview, and that she admitted having omitted her employment history from her asylum application because she knew it violated the terms of her visa. The evidence relied upon by the IJ in finding some of Hadi's statements inherently incredible would not compel a reasonable factfinder to conclude to the contrary. In any case, the IJ's adverse credibility determinations did not affect the outcome of the case, because he found that even if credited, her account did not establish persecution sufficient to qualify for relief.

To qualify for asylum, an alien must demonstrate that she is a "refugee," which means proving she is unable or unwilling to return to her country of nationality because of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1158(b)(1); 1101(a)(42)(A). An applicant for asylum must demonstrate a subjectively genuine fear of persecution supported by objective evidence that persecution is a reasonable possibility. INS v. Cardoza-Fonseca, 480 U.S. 421, 431 (1987). A showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). The IJ's conclusion that Hadi did not suffer from state-sponsored

persecution will be upheld because there is no evidence of record that the alleged acts of abuse were perpetrated by governmental entities.

Persecution may also consist of conduct by private parties, however, if the government is unwilling or unable to control it. See, e.g., Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003); Gao, 299 F.3d at 271. The IJ's determination that the discrimination to which Hadi was subject as an ethnically Chinese person and a Catholic did not rise to the level of persecution is supported by substantial evidence and will be upheld. Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004).

The IJ found that the incidents of harassment and violence to which Hadi had been subject constituted ordinary criminal behavior from which no government can entirely protect its citizens. That the police did not respond adequately or expected bribes in order to provide protection also did not establish persecution because corrupt police officers are a "universal fact," like criminal behavior. Persecution is more than "unpleasantness, harassment, and . . . basic suffering." Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000). Persecution includes extreme behavior such as threats to life, confinement, torture, and severe economic restrictions constituting a threat to life or freedom. Lin v. INS, 238 F.3d 239, 244 (3d Cir. 2001). Although Hadi has been the victim of criminal conduct, some of it possibly ethnically or religiously motivated, it does not appear on the basis of her testimony that her life or freedom have been severely threatened. See Abdille, 242 F.3d at 493 (holding that Somali who testified to suffering

6

two violent robberies while working as a street vendor, along with documentary evidence about xenophobic attitudes in South Africa, his country of residence, had not established persecution); Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (finding that robberies by perpetrators uttering racial slurs against ethnically Chinese, Christian Indonesians did not rise to the level of persecution). In addition, her entire family, including her son, remain behind in Indonesia. "The fact that close relatives of an asylum applicant remain in her native land unharmed is relevant to, and often belies, the strength of an asylum claim." Lie, 396 F.3d at 534.

The documentary evidence submitted by Hadi, which consists of a State Department report from 2002 indicating that the Indonesian government has had some difficulty controlling ethnic and religious violence, does not change this conclusion. See Bureau of Democracy, Human Rights, & Labor, U.S. Dep't of State, International Religious Freedom Report: Indonesia (2002). That Hadi would prefer to live in the United States and believes that she would be treated more fairly here is not sufficient to establish a claim of persecution. Accordingly, a reasonable factfinder would not be compelled to conclude that Hadi established a well-founded fear of persecution. Abdille, 242 F.3d at 484.

Turning now to Hadi's claim for withholding of removal, we note that the showing required for withholding is similar to, but more rigorous than the showing required for asylum. Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003); 8 U.S.C. §

7

1231(b)(3)(A); 8 C.F.R. § 208.16(b)(1). If a petitioner is unable to satisfy the standard for asylum, he necessarily fails to meet the standard for withholding of removal. Shardar v. Ashcroft, 382 F.3d 318, 324 (3d Cir. 2004).

The Government contends that Hadi failed to appeal the IJ's denial of her CAT claim to the BIA, and that we do not have jurisdiction to hear her petition on that issue because she did not exhaust her administrative remedies. Miah v. Ashcroft, 346 F.3d 434, 439 n.2 (3d Cir. 2003). The BIA did not discuss this in its order affirming the IJ's decision, and Hadi's brief to the BIA is not included in the record. The Government may be correct that we do not have jurisdiction. We note, however, that even if we do have jurisdiction, Hadi has not established entitlement to relief under the CAT, which requires the petitioner to show that "more likely than not" she will be tortured if returned to her country. Berishaj v. Ashcroft, 378 F.3d 314, 332 (3d Cir. 2004). Unlike asylum, a CAT claim lacks a subjective component, and instead requires petitioner to establish by objective evidence that she is likely to be tortured in the future. Zubeda, 333 F.3d at 471. In this case, Hadi's testimony and documentary evidence do not establish any likelihood of torture, and the IJ did not err in rejecting her CAT claim.

Hadi also argues that, in affirming the IJ's decision without opinion, the BIA violated its own procedures. According to the BIA's regulations, affirmance without opinion is appropriate when the BIA finds that errors "were harmless or nonmaterial," that the issues "are squarely controlled by . . . precedent and do not involve the

8

application of precedent to a novel factual situation," and that the "issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion." 8 C.F.R. § 1003.1(e)(4)(i). Hadi argues that the legal and factual issues relating to her persecution claim were so substantial that the BIA erred in not issuing a written opininon.

We disagree. The factual pattern in this case is familiar to the courts and the BIA. In Lie, for example, this Court affirmed the BIA's reversal of an IJ's grant of asylum to three Indonesians whose personal stories bear marked similarities to Hadi's. In both cases, petitioners were subject to allegedly ethnically and religiously motivated robberies. See Lie, 396 F.3d at 532–533. Judge Becker noted in that case the frequency with which the Court confronts similar claims from ethnically Chinese, Christian Indonesians. Id. at 532.

Nor are the legal issues complex or unique. The main issue is whether Hadi has established a well-founded fear of persecution. This is an issue examined by the BIA in every asylum claim it hears. The IJ and the BIA concurred, applying familiar statutes and precedents, that Hadi did not meet her burden of proof on her asylum claim, and this Court agrees. The BIA did not act arbitrarily and capriciously in affirming without opinion in this case. Id. at 484.

Finally, we turn to the question of whether this Court has jurisdiction to hear Hadi's motion to stay the order of voluntary departure reinstated by the BIA when it affirmed the IJ's decision. Hadi filed her motion to stay on August 13, 2004, before the

9

30-day period granted by the BIA for voluntary departure expired.

This Court first considered the question of jurisdiction to stay orders of voluntary departure in Reynoso-Lopez v. Ashcroft, 369 F.3d 275 (3d Cir. 2004). In that case, the Court examined whether it had jurisdiction to reinstate an order of voluntary departure that had expired before the alien filed his appeal and motion to stay. The panel concluded that this Court lacked such jurisdiction. First, there was no explicit statutory authority for exercising jurisdiction over a motion to stay an order of voluntary departure, and "[u]nder the plain language of the INA, as amended by the IIRIRA [Illegal Immigration Reform and Immigrant Responsibility Act], the authority to reinstate or extend voluntary departure falls solely within the discretion of the Attorney General . . . ." Id. at 280. In addition, the BIA had interpreted the statutes to vest sole authority to set and extend voluntary departure periods in the INS's district directors. Id. at 281. The BIA's interpretations of immigration statutes are due deference. Id. (citing Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984)). This Court further concluded that prejudice to the alien was minimal because under the IIRIRA, a court may maintain jurisdiction over an alien's appeal even after that alien has taken advantage of voluntary departure. 8 U.S.C. § 1252.[1]

---

[1]Other courts of appeals have agreed with our determination in Reynoso-Lopez. See Bocova v. Gonzales, 412 F.3d 257, 266–267 (1st Cir. 2005) (holding that it did not have jurisdiction to reinstate or fashion a new order of voluntary departure); Mullai v. Ashcroft, 285 F.3d 635, (6th Cir. 2004) (holding that it did not have power to reinstate expired order of voluntary departure); Ngarurih v.

This case presents a slightly different issue because Hadi filed her motion to stay the order of voluntary departure before the period of voluntary departure granted by the BIA had expired. We find this difference legally insignificant, however, and extend our decision in Reynoso-Lopez to unexpired orders of voluntary departure. The reasoning of that decision applies equally here.[2]

First, we note that the BIA's interpretation of the INA is due deference under Chevron, 467 U.S. at 844 ("We have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer . . . ."). In this case, the BIA notes in its order that it would permit Hadi to

---

Ashcroft, 371 F.3d 182, 192–194 (4th Cir. 2004) (holding that it did not have jurisdiction to reinstate or stay an order of voluntary departure); Sviridov v. Ashcroft, 358 F.3d 722, 731 (10th Cir. 2004) (refusing to stay an expired order of voluntary departure but not explicitly ruling on the jurisdictional question).

[2]The majority of Circuits that have examined the issue of jurisdiction over motions to stay unexpired orders of voluntary departure have found that they have jurisdiction to grant such a stay. See Bocova, 412 F.3d at 266–267 (holding that it had jurisdiction to stay an unexpired order of voluntary departure pending judicial review of the removal order); Macotaj v. Gonzalez, 412 F.3d 704, 706–707 (6th Cir. 2005) (holding that it has authority to stay an order of voluntary departure as ancillary to a motion to stay removal); Lopez-Chavez v. Ashcroft, 383 F.3d 650, 653–654 (7th Cir. 2004) (holding that it had authority to stay unexpired period of voluntary departure); Rife v. Ashcroft, 374 F.3d 606, 615–616 (8th Cir. 2004) (holding that court retains power to stay an order of voluntary departure); El Himri v. Ashcroft, 344 F.3d 1261, 1262 (9th Cir. 2003) (holding that court retains equitable jurisdiction to stay an unexpired order of voluntary departure). But see Ngarurih, 371 F.3d at 192–194 (4th Cir. 2004) (holding that it did not have jurisdiction to reinstate or stay an order of voluntary departure even when motion was filed within period for departure).

11

"voluntarily depart . . . within 30 days from the date of this order or any extension beyond that time as may be granted by the district director." In re Hadi, A79-323-896, BIA (July 14, 2004) (order). The BIA cites 8 U.S.C. § 1229c(b), which was added by IIRIRA, and 8 C.F.R. § 1240.26(c), (f), which are regulations adopted after passage of the IIRIRA. The regulations vest authority to grant or extend orders of voluntary departure exclusively in the Attorney General and his delegees:

> Authority to extend the time within which to depart voluntarily specified initially by an immigration judge or the Board is only within the jurisdiction of [specified delegees of the Attorney General]. An immigration judge or the Board may reinstate voluntary departure in a removal proceeding that has been reopened for a purpose other than solely making an application for voluntary departure if reopening was granted prior to the expiration of the original period of voluntary departure. 8 C.F.R. § 1240.26(f).

The regulations further limit the period of time that even the BIA may extend an order of voluntary departure. See 8 C.F.R. 1240.26(h) (limiting total period of time, even when reinstated by the BIA, to a maximum of 120 days). 8 U.S.C. 1229c(f), also added by the IIRIRA, divests this Court of jurisdiction over appeals of denials of requests for voluntary departure. 8 U.S.C. § 1229c(f). This is reinforced by 8 U.S.C. § 1252(a)(2)(B)(i), which states that the courts of appeals do not have jurisdiction over denials of discretionary relief, including denials of requests for voluntary departure.

A court's stay of a period of voluntary departure is an extension of the time to depart, whether or not that order is expired. As we noted in Reynoso-Lopez: "Whether

12

the relief sought . . . is characterized as a reinstatement and extension of the voluntary departure period or as a tolling, the effect is the same. The INA is clear that this type of relief may only be sought from the district director." 369 F.3d at 283 (internal quotations and citations omitted). Even if the statutory language were not clear, the BIA's interpretation is "based on a permissible construction of the statute," and is therefore due deference. Chevron, 467 U.S. at 844. We also note that the alien may maintain her petition after departure, so she does not sacrifice her rights if this Court later grants withholding of removal or some other form of relief. 8 U.S.C. § 1252; accord Reynoso-Lopez, 369 F.3d at 281. Accordingly, the plain language of the INA and the BIA's interpretation of that statute establish that this Court does not have jurisdiction to hear a motion to stay an order of voluntary departure as an adjunct to a petition for review of an underlying order of removal.

IV.

Accordingly, we deny the petition for review, and we decline to decide the motion to stay the order of voluntary departure pending resolution of her appeal for lack of jurisdiction.