Pablo **RODRIGUEZ DELOYA,** et al., Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–86717.

United States Court of Appeals, Ninth Circuit.

July 3, 2006.

Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Hillel Smith, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, TALLMAN and CALLAHAN, Circuit Judges.

ORDER

Respondent's motion to dismiss this petition for review for lack of jurisdiction is denied without prejudice to renewing the arguments in the answering brief. *See Nat'l Indus. v. Republic Nat'l Life Ins. Co.,* 677 F.2d 1258, 1262 (9th Cir.1982) (stating that merits panel can consider appellate jurisdiction despite earlier denial of motion to dismiss).

The motion for a stay of removal and voluntary departure pending review is denied. *See Abbassi v. INS,* 143 F.3d 513 (9th Cir.1998); *see also El Himri v. Ashcroft,* 344 F.3d 1261 (9th Cir.2003). The temporary stay of removal and voluntary

departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), will expire 14 days after the filing date of this order.

The certified administrative record has been filed. The opening brief is due July 28, 2006; the answering brief is due August 28, 2006; and the optional reply brief is due within 14 days after service of the answering brief.

PREGERSON, Circuit Judge, dissenting.

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See, e.g., Moore v. City of E. Cleveland*, 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Furthermore, as a nation we should recognize that many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.