

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-27-2006

# Hadi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4546

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hadi v. Atty Gen USA" (2006). *2006 Decisions.* Paper 18.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/18

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4546
_____

SUSI NURSANTI HADI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT HOMELAND SECURITY
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A79 323 896)
Immigration Judge Rosalind K. Malloy
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2006

Before: FISHER and CHAGARES, *Circuit Judges*,
and BUCKWALTER,[*] *District Judge*.

(Filed: December 27, 2006)

_____

OPINION OF THE COURT
_____

_____

[*]The Honorable Ronald L. Buckwalter, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Susi Nursanti Hadi filed a petition for review from the denial by the Board of Immigration Appeals ("BIA") of her motion to reopen and reconsider various claims. For the reasons that follow, we will dismiss the petition in part and deny the petition in part.

I.

As we write only for the parties, who are familiar with the factual context and the procedural history of the case, we will set forth only those facts necessary to our analysis.

Hadi is a national and citizen of Indonesia. The BIA denied Hadi's asylum, withholding of removal, and Convention Against Torture ("CAT") claims in 2004.[1] In July of 2005, Hadi filed a motion to reconsider and reopen her proceedings with the BIA. Hadi's motion requested that the BIA reopen her case *sua sponte*. Hadi claimed that she was the beneficiary of an unapproved I-130 (Petition for Alien Relative), which was filed by her United States citizen husband. She also stated that she and her husband had been living together since 2001, that they had a United States citizen child together, and that they were married on April 23, 2005. Additionally, Hadi claimed that her husband suffers from depression and spasmodic torticollis after a car accident. Hadi claims that her deportation would be a significant hardship on her husband and her son.

_____

[1]Hadi filed a petition for review with this Court after the BIA denied her claims. We denied the petition for review. *See Hadi v. Attorney General*, 152 Fed. Appx. 224 (3d Cir. 2005) (unpublished).

2

The BIA denied Hadi's motion to reopen because it was untimely. The BIA also stated that although it had limited discretionary powers to reopen cases *sua sponte* in exceptional situations, no such situation existed in the present case. Hadi timely filed this petition for review.

II.

Hadi does not appeal the BIA's determination that her motion to reopen and reconsider was untimely. Instead, she relies on the BIA's limited discretionary power to reopen or reconsider a case *sua sponte* in exceptional situations. *See* 8 C.F.R. § 1003.2(a); *In re J-J*, 21 I. & N. Dec. 976 (B.I.A. 1997). She claims that the failure of the BIA to exercise its discretion in her case was an error as a matter of law because it did not examine her exceptional situation. As we explained in *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003), we do not have jurisdiction over this type of claim because there are no standards by which the exercise of discretion can be judged. "Because the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case." *Id.* Therefore, we dismiss this part of Hadi's petition for review for lack of appellate jurisdiction.

3

Hadi next argues that her due process rights were violated.[2]  Under the regulations, the time period for filing a motion to reopen is waived if the parties jointly file a motion to reopen a case.  *See* 8 C.F.R. § 1003.2(c)(3)(iii).  Hadi claims that the refusal of the Department of Homeland Security ("DHS") to join in her motion to reopen was a violation of due process because it placed DHS in the position of being a final arbiter on out-of-time motions.  There is no dispute that an alien is entitled to due process, but Hadi's claim must fail.  First of all, a time limitation for the filing of a motion to reopen does not violate due process.  *See Sukwanputra v. Gonzales*, 434 F.3d 627, 632 (3d Cir. 2006).  Therefore, an alien is not deprived of due process when his or her claim is denied for failure to comply with the requirement.  *See id.*  The statutory time period provides aliens with "an opportunity to be heard at a meaningful time and in a meaningful manner."  *Id.* (citation omitted).  Secondly, to be successful in a due process claim an alien "must show that [s]he was prevented from reasonably presenting [her] case."  *Upsango v. Ashcroft*, 289 F.3d 226, 231 (3d Cir. 2002) (citation omitted).  Hadi cannot do this.  She received full review of all of her claims by an immigration judge, the BIA, and even this Court.  Additionally, the decision by the BIA denying her motion to reopen stated that although it had limited discretionary powers to reopen a case in exceptional situations, it did not find such a situation existed in this case.  Clearly, Hadi was not

---

[2]We have jurisdiction over this constitutional claim pursuant to 8 U.S.C. § 1252(a)(2)(D).  We review whether due process rights have been violated *de novo*.  *See Ezeagwuna v. Ashcroft*, 325 F.3d 396, 405 (3d Cir. 2003).

4

prevented from reasonably presenting her case. Finally, even though it is within DHS'

discretion to join a motion to reopen, its refusal to join is not a violation of due process.

As we explained in *Hernandez v. Gonzales*, 437 F.3d 341, 345-46 (3d Cir. 2006), an alien

who seeks discretionary relief does not have a constitutional right to that relief. Hadi

failed to file a timely motion to reopen, and it is not a violation of her due process rights

for DHS to refuse to join her motion to reopen in order to make it timely. Therefore, we

will deny this part of Hadi's petition for review.

III.

For the foregoing reasons, we will dismiss Hadi's petition in part for lack of

appellate jurisdiction and deny the remaining part of the petition for review.